Filed 6/24/14  P. v. Anderson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074653 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F05736, 12F06142) |
| v. | |
| COREY ANDERSON, | |
| Defendant and Appellant. | |

In case No. 12F05736, defendant Corey Anderson entered a negotiated plea of no contest to transportation of cocaine (Health & Saf. Code, § 11352, subd. (a); count one) and admitted a strike prior (2000 robbery) (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). In case No. 12F06142, defendant entered a plea of no contest to possession of cocaine for sale (Health & Saf. Code, § 11351; count two), convicted felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count five), and endangering a child (Pen. Code, § 273a, subd. (a); count six), and admitted the strike prior (2000 robbery), a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (a)), and an on-bail enhancement (Pen.

1

Code, § 12022.1). In exchange for his plea, defendant would receive a stipulated state prison sentence of 19 years and the dismissal of the remaining counts (possession of cocaine for sale, possession of marijuana for sale, possession of heroin for sale, possession of MDMA (ecstasy) for sale, two counts of possession of cocaine base for sale) and allegations (three arming allegations and a prior drug conviction allegation) in both cases.

Thereafter, defendant requested that the trial court strike his strike prior. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).) The trial court denied defendant's request and imposed the agreed upon sentence of 19 years in state prison.

Defendant appeals. He did not request a certificate of probable cause. (Pen. Code, § 1237.5.) He contends the trial court abused its discretion in denying his *Romero* request and that the case should be remanded for resentencing. We reject defendant's contention.

At the entry of plea hearing, the parties confirmed that defendant was entering his plea to the various counts and allegations in the two cases in exchange for 19 years in state prison and the dismissal of the remaining counts and allegations. Defendant personally understood the sentence was 19 years. The plea agreement did not contemplate a sentencing range. No *Romero* request was pending when defendant entered his plea. As the trial court stated at the hearing on defendant's *Romero* request, the record reflects the plea agreement provided that " '[t]he term of incarceration is 19 years,' not is 19 years and we file a *Romero* motion and see if we can reduce the number." Although defense counsel recognized that the plea agreement as set forth on the record did not provide for a *Romero* request, he argued "in spite of the terms and conditions of the plea, there was an agreement that [he] would file a *Romero* motion." The court disagreed, having reviewed the record of the entry of plea hearing. That the prosecutor opposed the *Romero* request and stood mute when defense counsel stated there was an agreement that he could file a *Romero* request does not change the terms of

the plea agreement as reflected on the record at the entry of plea hearing.  That the court proceeded to discuss defendant's request did not mean it was required to consider the request.  Defendant received the benefit of his bargain.  Numerous counts and allegations were dismissed.  The trial court properly denied defendant's request to strike his strike prior as a violation of the bargain.  (*People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047-1048.)

We note an error in preparation of the abstract of judgment.  Although the abstract correctly reflects the aggregate term of 19 years and checks the appropriate box (No. 4) to reflect the strike prior, the trial court doubled the terms on the offenses in both cases due to defendant's strike prior but the abstract does not reflect the doubled term for each offense.  We will order the abstract corrected accordingly.

DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment to reflect the doubled term for each offense (count 2(A):  eight years; count 6(B):  two years eight months; count 2(B):  two years; and count 5(B):  one year four months) and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

      NICHOLSON     , J.

We concur:

    BLEASE      , Acting P. J.

    HOCH      , J.

3