Filed 6/9/16  P. v. Robinson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVIE ROBINSON,<br><br>    Defendant and Appellant. | B266109<br><br>(Los Angeles County<br>Super. Ct. No. LA076323) |

THE COURT:[*]

Defendant Stevie Robinson appeals from the trial court's denial of his *Romero*[1] motion following the successful filing of a Proposition 47 petition.

His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On February 25, 2016, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider.  No response has been received to date.

---

[*]    ASHMANN-GERST, Acting P.J.,        CHAVEZ, J.,        HOFFSTADT, J.

[1]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

In January 2014, defendant was charged by amended information with second degree robbery (Pen. Code, § 211),[2] and felony evading an officer (Veh. Code, § 2800.2, subd. (a)). The People further alleged that defendant's 1992 and 2009 convictions for criminal threats constituted "strikes" under our "Three Strikes" law (§§ 1170.12, subds. (a)–(d) & 667, subds. (b)–(i)), prior "serious" or "violent" felonies (§ 667, subd. (a)(1)), and prior prison terms (§ 667.5, subd. (b)). On the People's motion, the trial court ordered that the information be amended by interlineation to add a third count—grand theft (§ 487, subd. (c)). Pursuant to a negotiated plea bargain, defendant pleaded no contest to grand theft and felony evasion, and admitted to one of the strike enhancements. The trial court sentenced defendant to four years in state prison, comprised of two years, eight months on the grand theft count, and one year, four months for evading a police officer.

In May 2015, defendant filed a Proposition 47 petition for resentencing to have his felony conviction for grand theft reduced to a misdemeanor. (§ 1170.18.) Pursuant to a stipulation, the trial court entered an order granting the petition and resentenced defendant on the grand theft conviction to a term of 364 days in the county jail. Defendant subsequently filed a *Romero* motion in which he argued that the trial court should exercise its discretion to strike his prior strike conviction pursuant to section 1385. The trial court denied the motion on the grounds that it could not properly be considered because defendant had entered into a negotiated plea for a term of four years. The trial court then sentenced defendant to the middle term of two years on the felony evasion count, which it doubled pursuant to the Three Strikes law for a total term of four years consistent with the terms of the no contest plea.

Where, as here, a defendant has pled guilty or no contest to an offense, the scope of reviewable orders is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings leading to the plea. (*People v. Palmer* (2013) 58 Cal.4th 110, 114; § 1237.5.) During the period of time defendant's

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

plea and sentence were negotiated and his plea entered, defendant was represented at all times by counsel. We are satisfied defendant understood the rights he would be giving up by his plea before it was entered, and the record shows defendant's plea was fully informed and freely made. Here, defendant stipulated that he would be sentenced to the four-year term imposed by the court. Defendant cites no authority, nor have we found any, allowing the trial court to breach the bargain by imposing a lesser sentence. (See *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047–1048 [the People, as well as a defendant, are entitled to enforce the terms of a plea bargain].) In entering the plea bargain, the People contemplated a certain ultimate result, i.e. imposition of a four-year prison term.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.