Filed 8/30/16  P. v. El-Mohammed CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANSAR EL-MOHAMMED,<br><br>        Defendant and Appellant. | C081208<br><br>(Super. Ct. No. 15F02028) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We briefly recount the facts and proceedings in accordance with *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.

On March 25, 2015, defendant Ansar El-Mohammed (aka Scotty Crawford) was found in possession of a loaded .40-caliber handgun discovered underneath the center console of his car.  He had previously been convicted of armed robbery in 1994.

Defendant entered a negotiated plea of no contest to being a convicted felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)) and admitted a strike prior

1

(Pen. Code, §§ 667, subds. (b)-(i), 1170.12) in exchange for a stipulated sentence of 32 months (low term of 16 months, doubled for the strike prior).[1]

After denying defendant's request to strike the strike prior (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), the trial court sentenced defendant to state prison for the agreed-upon sentence.

Defendant appeals. He did not seek a certificate of probable cause (Pen. Code, § 1237.5).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief, raising three issues which we discuss in seriatim. "(1) Is it ineffective assistance of counsel to be advised to admit a strike prior that has only been 'pled' (alleged) but not 'proved'? If counsel and defendant [are] uncertain of qualifying prior?"

Defendant admitted the strike prior which had been alleged, proving the same. We are unclear of defendant's meaning that he and defense counsel were "uncertain of [the] qualifying prior." The record reflects that the strike prior alleged was a 1994 robbery which was confirmed prior to his admission. Defendant has failed to establish ineffective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-694 [80 L.Ed.2d 674, 693-698]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)

---

[1] Defendant also agreed to withdraw his motion to withdraw his plea in case No. 14F01976. Defendant punched a neighbor in the face and pled no contest to violating Penal Code section 243, subdivision (d). He was later granted five years probation with 180 days in jail with credit for time served.

"(2)  Is it ineffective assistance of counsel [for] failure to argue invalid consent, lack of evidence to support probable cause to tow vehicle subject to arrest, no community safety issue vehicle legally parked?"

At the preliminary hearing, defendant moved to suppress.  The magistrate denied the suppression motion, held defendant to answer, and deemed the complaint to be an information.  Defendant did not renew his motion to suppress or move to set aside the information as is required to preserve the suppression issue for appeal.  (Pen. Code, §§ 1538.5, subd. (i), 995; *People v. Lilienthal* (1978) 22 Cal.3d 891, 896-897.)  Thus, we have no occasion to review the suppression motion made at the preliminary hearing.  Defendant does not assert that counsel rendered ineffective assistance in failing to preserve the Fourth Amendment issue for appeal.  (See *People v. Hart* (1999) 74 Cal.App.4th 479, 486; *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1252-1254.)

"(3)  Is it legis[l]ative intent for the court, prosecutor or the defense to 'negotiate' any type of plea once the prior strike has been 'properly' pled and proved under Penal Code sections 1192.12 [*sic*], 1192.7, 667.5 or 667?"

Defendant entered his plea to the offense and the strike prior in exchange for a stipulated sentence.  He requested that the trial court strike the strike prior, once orally and again by written request but before different judges.  In denying the oral motion, the judge noted that defendant entered a plea for a stipulated sentence.  In denying the written request, the judge gave several reasons.  The judge cited the plea agreement; the previous denial of defendant's oral request to strike the strike prior; defendant's waiver of referral to probation for a report, resulting in the lack of essential information to assess the merits of a *Romero* request; and defendant did not fall outside the spirit of the three strikes law given the little information that was provided.

The plea agreement was a contract between defendant and the prosecutor to which the court consented and provided for a stipulated sentence.  (*People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047-1048.)  Defendant expressly agreed to the stipulated

3

term.  Given defendant's plea and agreement, "negotiation" had ceased.  The trial court did not have jurisdiction to alter the agreement unless the parties agreed.  (*Id.* at p. 1047.) There was not any agreement between the parties to alter the plea bargain.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                    /s/
                                                    Blease, Acting P. J.



We concur:



    /s/
Hull, J.



    /s/
Hoch, J.

4