Filed 3/2/22  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN MANUEL HERNANDEZ,<br><br>Defendant and Appellant. | C092574<br><br>(Super. Ct. No. CRF-2011-370) |

Defendant Juan Manuel Hernandez appeals the trial court's denial of his postjudgment petition to recall his previously imposed and agreed-upon sentence of 21 years 4 months and resentence him pursuant to Penal Code section 1170.91.[1] Recognizing the trial court based that denial on *People v. King* (2020) 52 Cal.App.5th 783 (*King*), defendant challenges that decision as well as *People v. Brooks* (2020)

---

[1]  Further undesignated statutory references are to the Penal Code.

1

58 Cal.App.5th 1099 (*Brooks*), which similarly rejected section 1170.91's application to individuals serving stipulated sentences reached as the result of plea agreements. Because we agree with these authorities, we affirm the trial court's denial.

**FACTUAL AND PROCEDURAL BACKGROUND**

As we explained in our previous unpublished decision upholding defendant's convictions on appeal:

"Between October 1, 2010, and November 30, 2010, defendant Juan Manuel Hernandez touched the vaginal area over the clothes of 12-year-old C.G. who had been sleeping. A search of defendant's computer revealed over 100 images and 86 videos of minor girls in sexually-explicit poses and activities, as well as a photograph of defendant touching the vaginal area skin-to-skin of C.G. on August 1, 2010. Defendant also sent harassing or annoying text messages to another young girl on July 1, 2010.

"Defendant entered a negotiated plea of no contest to possession of child pornography (. . . § 311.11, subd. (a); count 5), annoying or molesting a child, a misdemeanor (§ 647.6, subd. (a); count 6), and two counts of lewd or lascivious conduct upon a child under the age of 14 years (§ 288, subd. (a); counts 1 and 4) and admitted a strike prior (§ 667, subds. (b)-(i)) in exchange for the dismissal of the remaining counts and allegations, and a stipulated state prison sentence of 21 years and four months. The stipulated sentence consisted of the upper term of eight years on count 4, one-third the midterm or two years for count 1, and one-third the midterm or eight months for count 5, with all the terms doubled for the strike prior, and a concurrent 120-day jail term for count 6. Defendant also admitted violating probation in another case in exchange for no additional time." (*People v. Hernandez* (Jul. 15, 2013, C070156) [nonpub. opn.], fn. omitted (*Hernandez*).)

Following proceedings not relevant to this appeal, the trial court denied defendant's motion to strike his prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, noting defendant's stipulated sentence and *People v.*

2

*Cunningham* (1996) 49 Cal.App.4th 1044. The court then imposed the previously agreed to stipulated sentence. We upheld this decision not to strike the strike, noting, "Having accepted the terms of the negotiated plea agreement, the trial court lacked jurisdiction to alter the bargain in order to reduce the term. (*People v. Cunningham, supra,* 49 Cal.App.4th at pp. 1047-1048.)" (*Hernandez, supra*, C070156.)

Thereafter, on September 30, 2019, defendant filed his petition and supporting documents to recall his sentence and for resentencing pursuant to section 1170.91. While initially conceding defendant's eligibility for relief, the People urged the court deny the petition in light of the seriousness of defendant's crimes. Following the court's request that the parties address the possible impact of defendant's agreement to a specified sentence, the People changed position, arguing section 1170.91 was inapplicable because defendant's plea agreement had a stipulated term, thus depriving the court of discretion to select a triad term under section 1170, subdivision (b). Defendant filed a response opposing this position.

At the legal eligibility hearing, the trial court determined section 1170.91 applied to "any kind of plea agreement" and that "contract law does not trump the California legislature from providing an avenue of relief under their public policy consideration as the legislature has done in enacting [section] 1170.91." Accordingly, the court found defendant eligible and set the matter for a resentencing suitability hearing at a to-be-determined date. Following the publication of *King, supra*, 52 Cal.App.5th 783, the People moved for reconsideration, which the court granted, denying defendant's petition in light of binding published authority. Defendant timely appealed.

## DISCUSSION

Defendant requests this court reject the holdings in *King, supra*, 52 Cal.App.5th 783 and *Brooks, supra*, 58 Cal.App.5th 1099 in order to find section 1170.91 applies to individuals serving stipulated sentences reached as the result of plea agreements. We decline this invitation.

3

"Under section 1170, subdivision (b), '[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court.'  (§ 1170, subd. (b).)  In 2014, the Legislature enacted former section 1170.91 [now identified as § 1170.91, subd. (a)] (Stats. 2014, ch. 163, § 2), which mandated consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion.  [Citations.]  [¶]  In 2018, the Legislature amended section 1170.91 to add a retroactivity clause and a procedure for resentencing.  (Stats. 2018, ch. 523, § 1; § 1170.91, subd. (b)*; King, supra*, 52 Cal.App.5th at p. 788; [citation].)"  (*Brooks, supra*, 58 Cal.App.5th at pp. 1103-1104.)

As relevant here, section 1170.91, subdivision (b)(1) provides:

"A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence . . . to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A)  The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B)  The person was sentenced prior to January 1, 2015. . . ."  (§ 1170.91, subd. (b)(1).)

"Upon receiving a petition . . . , the court shall determine, at a public hearing . . . , whether the person satisfies the criteria in this subdivision.  At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing.  If the person satisfies the criteria, the court may, in its

discretion, resentence the person following a resentencing hearing." (§ 1170.91, subd. (b)(3).)

Both *King, supra*, 52 Cal.App.5th at page 791 and *Brooks, supra*, 58 Cal.App.5th at page 1106 rejected arguments that the recall and resentencing procedure found in section 1170.91 applies to individuals who were sentenced pursuant to a plea agreement with a stipulated term. We agree with that conclusion and find *King* instructive.

In *King*, the court considered whether a defendant who entered into a plea agreement for a stipulated term could be resentenced under section 1170.91, subdivision (b). (*King, supra*, 52 Cal.App.5th at pp. 790-794.) Although section 1170.91, subdivision (b)(1) states that a resentencing hearing is available to a defendant serving a sentence for a felony conviction, " 'whether by trial or plea,' " *King* concluded that the stipulated prison term in King's plea agreement rendered him "plainly ineligible" for resentencing under the statute, reasoning that even if the trial court recalled the defendant's sentence, it still would be required to impose the stipulated term. (*King,* at pp. 786, 788, 791.)

In reaching this conclusion, the *King* court relied in part on the statutory language, explaining: "A petitioner who meets the requirements set forth in section 1170.91, subdivision (b) obtains the remedy of 'resentencing pursuant to subdivision (a).' (§ 1170.91, subd. (b)(1).) Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems '*when imposing a term under subdivision (b) of Section 1170.*' (§ 1170.91, subd. (a), italics added.) A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation. However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not 'imposing a term

5

under subdivision (b) of Section 1170.' (§ 1170.91, subd. (a).)  As a result, a petitioner, like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation."  (*King, supra*, 52 Cal.App.5th at p. 791.)

Like the petitioner in *King*, defendant entered into a plea agreement with a stipulated term of 21 years 4 months.  (*Hernandez, supra*, C070156.)  Even if defendant met the statutory criteria under section 1170.91, subdivision (b), he would still be ineligible for relief under section 1170.91 because this provision only applies where the trial court weighs factors in aggravation and mitigation to select from a sentencing triad, not where it imposes a stipulated sentence.  (*King, supra*, 52 Cal.App.5th at p. 791; see also Cal. Rules of Court, rule 4.412 [court need not state reasons for stipulated sentence]; accord *Brooks, supra*, 58 Cal.App.5th at p. 1106 [trial court precluded from any judicial exercise of § 1170.91 resentencing discretion where plea agreement rests on a stipulated sentence]; c.f. *People v. Estrada* (2020) 58 Cal.App.5th 839, 842-843 [§ 1170.91 does not apply to individuals serving mandatory life terms as those terms are not imposed under § 1170, subd. (b)]; *People v. Stewart* (2021) 66 Cal.App.5th 416, 423-424 [same].)  Therefore, we agree with the trial court that defendant was ineligible relief under section 1170.91.[2]

---

[2] In light of our conclusion that section 1170.91 does not afford relief to individuals serving stipulated sentences, section 1016.8's prohibition against waiving future benefits in law the Legislature intended to apply to a defendant does not alter our analysis. Nothing suggests the Legislature intended section 1170.91 to apply to individuals to whom a discretionary sentencing decision under section 1170, subdivision (b) does not apply.  (See § 1170.91, subd. (a) ["the court shall consider the circumstance as a factor in mitigation *when imposing a term under subdivision (b) of Section 1170*" (italics added)].)

## DISPOSITION

The order denying defendant's section 1170.91 petition for resentencing is affirmed.


_/s/_____
HOCH, J.


We concur:


_/s/_____
RAYE, P. J.


_/s/_____
DUARTE, J.


7