Filed 2/15/23  P. v. Hubbard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094997 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF21-00061) |
| v. | |
| JOSEPH WILBERT HUBBARD III, | |
| Defendant and Appellant. | |

Defendant Joseph Wilbert Hubbard III pleaded no contest and agreed to the middle term sentence of three years on one count of domestic violence (Pen. Code, § 273.5, subd. (a)).[1]  Defendant contends that this case should be remanded for resentencing, because the changes made to section 1170, subdivision (b) by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) make the lower term the

---

[1] Undesignated statutory references are to the Penal Code.

1

presumptive term where psychological trauma contributed to defendant's commission of the offense.[2]  (§ 1170, subd. (b)(6).)  We will affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are not pertinent to the resolution of this case.  In sum, on January 10, 2021, defendant struck his wife in the face with his fist causing her to bleed from her nose and mouth.

On January 20, 2021, defense counsel expressed doubt about defendant's mental competence under section 1368.  The trial court suspended proceedings and ordered a psychological evaluation of defendant.  Some seven months later, on August 27, 2021, the trial court noted that defendant had been certified competent and was receiving medication.[3]

On September 8, 2021, defendant pleaded no contest to a charge of domestic violence (§ 273.5) in exchange for a stipulated middle term sentence of three years.

On October 4, 2021, the trial court sentenced defendant to the middle term of three years, noting that it found the stipulated sentence appropriate.

Defendant filed a timely appeal.  The case was fully briefed on December 5, 2022.

---

[2]  Defendant mistakenly refers to section 1170, subdivision (b)(6) as enacted by Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5).  Senate Bill No. 567, which contained similar amendments to section 1170, subdivision (b)(6) as Assembly Bill No. 124 but was signed later and bears a higher chapter number, prevails over the amendments in Assembly Bill No. 124.  (*People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11.)

[3]  Although the record on appeal does not include the superior court's clerk transcript for hearing dates between January 20, 2021, and August 27, 2021, it appears that defendant was found incompetent during that time period, as the Certification of Mental Competency from the medical director at Atascadero State Hospital, references defendant having been committed under section 1370 on March 12, 2021.

## II

## DISCUSSION

Defendant contends he is entitled to resentencing because of the changes introduced to section 1170, subdivision (b) by Senate Bill No. 567. Defendant argues that "[e]ven though [defendant] was evaluated under section 1368, once he was found competent, there is no evidence that the prosecutor or the court considered his history of psychological trauma when negotiating the plea, or imposing sentence," because "[a]t the time of his plea and sentencing, there was [no] requirement that they do so."

"[Former] section 1170, subdivision (b), gave the trial court discretion to choose whether to impose the lower, middle, or upper prison term in the interest of justice. Senate Bill [No.] 567 added subdivision (b)(6) to section 1170 to require that the trial court select the low term if, among other things, the defendant 'has experienced psychological, physical, or childhood trauma' that was a contributing factor in the commission of the offense, 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that the imposition of the low term would be contrary to the interests of justice.' (§ 1170, subd. (b)(6)(A).)" (*People v. Salazar* (2022) 80 Cal.App.5th 453, 462, review granted Oct. 12, 2022, S275788.)

The parties agree Senate Bill No. 567 applies retroactively to defendant's nonfinal case under *In re Estrada* (1965) 63 Cal.2d 740, 744-745. Because Senate Bill No. 567 enacts an ameliorative change in the law by reducing the possible punishment for certain defendants, we agree with the parties that it applies retroactively here. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500; *People v. Banner* (2022) 77 Cal.App.5th 226, 240.)

The parties disagree, however, as to the effect Senate Bill No. 567 should have on the case. Defendant, as mentioned, argues the case should be remanded for a new sentencing hearing that comports with the amended statute. The People respond that, because defendant stipulated to a middle term sentence, the trial court had no discretion

3

to impose any sentence other than the middle term.  Thus, the amendments to section 1170, subdivision (b) do not make any difference in defendant's sentencing.

We agree with the People.  A number of decisions have considered the effect of a stipulated sentence in cases involving the analogous context of section 1170.91, which requires a court to consider trauma due to military service as a mitigating factor in exercising its discretion to select a term from the determinate sentence triad under section 1170, subdivision (b).  (*People v. Brooks* (2020) 58 Cal.App.5th 1099; *People v. King* (2020) 52 Cal.App.5th 783; *People v. Pixley* (2022) 75 Cal.App.5th 1002.)  These cases denied relief because, as here, when a court accepts a plea stipulating to a term of years and imposes sentence accordingly, the court exercises no discretion to choose between the upper, middle or lower term and cannot consider factors in mitigation or aggravation. (*Brooks*, at pp. 1108-1107; *King*, at p. 791; *Pixley*, at pp. 1005-1006.)

Defendant ignores *King* and *Pixley* but argues that *Brooks* was wrongly decided because "[t]here is no rational basis to exclude a plea agreement simply because it is stipulated and the court exercises no direct discretion in choosing the term."  We disagree.  In an open plea or a plea for a term up to the statutory maximum, the parties' agreement provides for the exercise of discretion by the trial court to select the term, but where the agreement stipulates a term of years, the agreement does not allow "the court to select from within the sentencing triad as a basis for the sentence or a component of it."  (*People v. Brooks, supra*, 58 Cal.App.5th at p. 1109.)  Rather, defendant "agreed to a specific number of years' imprisonment under a plea agreement which gave the court no room to exercise discretion in selection of a low, middle or high term."  (*Ibid.*)

More recently, in *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, our colleagues in Division Five of the First District, held the amendment to section 1170, subdivision (b) was not intended to apply to sentences imposed pursuant to stipulated plea agreements.  (*Mitchell*, at pp. 1058.)  The reasoning

in *Mitchell* was that by sentencing the defendant to a stipulated term, "The court had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170, subdivision (b). Indeed, when presented with a stipulated plea agreement, a trial court may either accept or reject it. ' "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." ' (*People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047.)" (*Ibid.*)

" ' "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.]' " (*People v. Cunningham, supra*, 49 Cal.App.4th at p. 1047.) The parties to the agreement specify the terms of the agreement, which may include the length of the sentence to be imposed by the court. (§ 1192.5, subd. (a).) Having approved the plea, "the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5, subd. (b).)

Section 1170, subdivision (b)(6), on the other hand, specifies mitigating factors, such as trauma or youth, that the trial court must consider. If the court determines that any such mitigating factor contributed to the defendant's commission of the crime, the trial court "shall order imposition of the lower term," unless "the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (*Ibid.*) But it is precisely the discretion to choose "and impose" the term based on mitigating and aggravating factors that is absent when the trial court approves a sentence stipulated in a plea agreement negotiated by the parties. Accordingly, we reject the premise that the amended statute "confers authority to reject an agreed term of years retroactively should the court, in its discretion, determine that some lesser term is warranted." (*People v. Brooks, supra*, 58 Cal.App.5th at p. 1109.) " 'Once the court has accepted the terms of the negotiated plea, "[i]t lacks jurisdiction to alter the terms of the plea bargain so that it becomes more

5

favorable to the defendant, unless, of course, the parties agree." [Citation.]' [Citation.]" (*People v. Cunningham, supra*, 49 Cal.App.4th at pp. 1047-1048.)

In sum, section 1170, subdivision (b)(6) only requires a trial court to consider certain mitigating factors presumptively requiring imposition of the lower term, as well as aggravating factors rebutting that presumption, in exercising its discretion to select a term from the determinate sentencing triad. Here, the trial court did not exercise such discretion, therefore section 1170, subdivision (b)(6) does not impact defendant's sentence.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, J.

I concur:

/s/
KRAUSE, J.

6

DUARTE, J., Dissenting.

The majority declines to remand this case for resentencing pursuant to Penal Code section 1170, subdivision (b)(6).[1]  There appears no serious dispute but that defendant has serious psychological issues and would be presumptively entitled to a lower term sentence absent a finding that sentencing him to the lower term would be "contrary to the interests of justice," were his case sentenced today.  Because the necessary finding was not made, I agree with defendant that remand is required.  Accordingly, I dissent.

As the majority correctly notes, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) amended section 1170 to limit the trial court's discretion to impose the upper term (§ 1170, subds. (b)(1), (2)) and mandated imposition of the lower term in certain circumstances, including where, as here, the offender has experienced psychological, physical, or childhood trauma that was a contributing factor in the commission of the offense.  (§ 1170, subd. (b)(6)(A); maj. opn., *ante*, p. 3.)  But for defendant's pre-amendment stipulation to the middle term, a lower term sentence would be mandated absent the findings required by the statute, i.e., that imposition of the lower term would be contrary to the interests of justice.

Although the majority applies *People v. Brooks* (2020) 58 Cal.App.5th 1099 to the situation here (maj. opn., *ante*, p. 4), I do not.  I do not disagree with the *Brooks* court's conclusion, but I disagree with the majority here that the specific statutory subdivision at issue in this case is analogous to the statute discussed in *Brooks*.  Section 1170.91 merely requires the trial court to "consider the circumstance [of military service] as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."  This language does not require presumptive imposition of a specified term absent a specific finding, as does section 1170, subdivision (b)(6).

---

[1]  Further undesignated statutory references are to the Penal Code.

Indeed, section 1170.91's requirement of discretionary consideration is arguably analogous to that of section 1170, subdivision (b)(1), which provides that "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term," absent certain requirements of proof to which the parties are expressly permitted to stipulate. For this reason, I do not necessarily disagree with the appellate court's ultimate conclusion in *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, another case on which the majority relies. (Maj. opn., *ante*, pp. 4-5.) But despite its occasional use of broad language, the *Mitchell* court had before it an upper term stipulated sentence; thus, that court's primary focus was on section 1170, subdivision (b)(1), emphasizing that subdivision's use of the term "sound discretion" and holding that in sentencing to stipulated terms, the trial court had no occasion to exercise that "sound discretion." (See *Mitchell*, at pp. 1058-1059.)

Section 1170, subdivision (b)(6) is different. That subdivision *expressly excludes* the discretionary language of subdivision (b)(1), providing that "notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term." And, unlike section 1170.91--the statute at issue in *Brooks*--subdivision (b)(6) of section 1170 does not require mere consideration of a factor in mitigation, it requires imposition of a low-term sentence absent a specific interests of justice finding that was neither made nor stipulated to here.

Although the majority attempts to relegate the mandatory language of section 1170, subdivision (b)(6) to one of many considerations that the trial court must make "in exercising its discretion to select a term" from the appropriate triad (see maj. opn., *ante*, p. 6), I remain unpersuaded by the attempt. The required findings were not made in this

2

case.  For these reasons, I respectfully dissent from the majority's refusal to remand this case for resentencing.


_____/s/_____
Duarte, Acting P. J.

3