[No. C021056. Third Dist. Sept. 30, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL LEE CUNNINGHAM, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II through V of the Discussion.

**COUNSEL**

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Alison Elle Smith and Kelly A. Elam, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—The District Attorney of Sacramento filed a criminal complaint charging defendant Samuel Lee Cunningham with violation of Penal Code section 666 (petty theft with a prior), a felony, committed on or about February 28, 1995.[1] The complaint also alleged a prior "strike" under the "three strikes" law (§§ 667, 1170.12), to wit, a residential burglary conviction sustained on April 21, 1988.

Defendant moved the magistrate to strike the prior offense allegation pursuant to section 1385. The magistrate denied the motion to strike, concluding he had no discretion to strike under the three strikes law.

Several weeks later defendant appeared before another magistrate, a judge of the municipal court who was cross-assigned to the superior court. (See Gov. Code, § 68112.5.) Before that magistrate, defendant agreed to plead guilty to the petty-theft-with-a-prior charge and to submit the truth or falsity of the prior conviction to a court trial. Defendant waived jury trial on the issue of the prior conviction. It was stipulated that if the prior conviction was found true, defendant would be sentenced to state prison for a term of 32 months (the lower term of 16 months doubled pursuant to the three strikes law).

The magistrate accepted defendant's plea of guilty to petty theft with a prior and certified the case to the superior court. (§ 859a.) The magistrate immediately transmuted into a superior court judge and, as such, found the prior "strike" allegation true and sentenced defendant to a term of 32 months in state prison, as agreed by the parties.

On appeal, defendant contends: (1) this case must be remanded for the superior court to consider exercising its discretion to strike defendant's prior felony conviction alleged as a first strike under section 667, subdivision (d), (2) the prior felony conviction allegation must be stricken because it occurred before March 7, 1994, the effective date of the three strikes statute, (3) the three strikes statute is unconstitutionally vague because it fails to give adequate notice of the specific punishment to be imposed, and (4) the limitation on conduct credits imposed by section 667, subdivision (c)(5) violates defendant's right to the equal protection of the laws.

In the published portion of the opinion, we reject defendant's first contention. In an unpublished portion of the opinion, we reject defendant's remaining contentions. We shall therefore affirm the judgment.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

FACTS

Because of the nature of the issues raised by defendant, only a brief statement of the facts underlying his current petty-theft-with-a-prior conviction is necessary.[2] On February 28, 1995, defendant entered a department store and put two boxes of silverware valued at approximately $70 down the front of his pants. He left the store without paying for the silverware.

DISCUSSION

I

█ Defendant contends this case must be remanded for the superior court to consider exercising its discretion to strike the prior felony conviction that qualified him for sentencing treatment under the three strikes law. We disagree.

We acknowledge our Supreme Court has now decided that the three strikes law did not abrogate the discretion of a magistrate or court to strike a prior offense in the interest of justice pursuant to section 1385. (*People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530 [53 Cal.Rptr.2d 789, 917 P.2d 628].) However, in the words of Justice Kaus, "Defendant's problem is that he pleaded guilty." (*People* v. *Barton* (1971) 19 Cal.App.3d 990, 994 [97 Cal.Rptr. 329].)

Here, defendant stipulated that he would be sentenced to the 32-month term imposed by the court. Defendant cites no authority, nor have we found any, allowing a trial court to breach the bargain by striking the prior to impose less than the 32 months agreed upon. █ "While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses (*People* v. *Arbuckle* (1978) 22 Cal.3d 749, 756 . . .), a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. (*People* v. *Green* (1982) 142 Cal.App.3d 207, 215 . . . .) 'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.' (*People* v. *Shepeard* (1985) 169 Cal.App.3d 580, 586 . . . , disapproved on other grounds in *People* v. *Martin* (1986) 42 Cal.3d 437, 451, fn. 13 . . . .) Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. (*People* v. *Green, supra,* 142 Cal.App.3d at p. 215.) Once the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' (*People* v.

[2]The facts are taken from the factual basis provided when defendant entered his guilty plea.

*Cardoza* (1984) 161 Cal.App.3d 40, 45, fn. 4 . . . .)" (*People* v. *Ames* (1989) 213 Cal.App.3d 1214, 1217 [261 Cal.Rptr. 911].)

The People, as well as a defendant, are entitled to enforce the terms of a plea bargain. (*People* v. *Collins* (1978) 21 Cal.3d 208, 214 [145 Cal.Rptr. 686, 577 P.2d 1026].) "The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment." (*Id.* at p. 215.) Here, the ultimate result was expressly agreed to by the parties: imposition of a 32-month term.

We conclude defendant's express agreement to imposition of a 32-month term precludes a remand for the purpose of obtaining a lesser term by virtue of the trial court's striking of the prior offense. Defendant's contention to the contrary is not meritorious.

II-V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 15, 1997. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1044.