Filed 2/15/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DANIEL KEVIN TODD,<br><br>　　Defendant and Appellant. | H049129<br>(Santa Clara County<br>Super. Ct. No. C1899027) |

Defendant Daniel Kevin Todd pleaded no contest to three felony counts of buying or receiving stolen property.  (Pen. Code, § 496, subd. (a).)[1]  On appeal, Todd contends that his case should be reversed and remanded for resentencing in light of recent amendments to section 1170, subdivision (b) by Senate Bill No. 567.  (2020-2021 Reg. Sess.)  We reverse the judgment and remand for further proceedings under newly-amended section 1170.

## I. PROCEDURAL BACKGROUND[2]

On January 21, 2020, Todd pleaded no contest pursuant to a plea agreement to three counts of buying or receiving stolen property (counts 1, 7, and 8) in exchange for dismissal of the remaining counts in the information and a stipulated sentence of three years and eight months.  On April 13, 2021, the court imposed the stipulated sentence, consisting of the upper term of three years on count 1, a consecutive eight-month term on

---

[1] Undesignated statutory references are to the Penal Code.
[2] We have omitted the facts of the offense because they are not relevant to the analysis and disposition of this appeal.

count 7, which was one third of the middle term, and a concurrent upper term of three years on count 8. Todd timely appealed.

After this case was fully briefed, we requested supplemental briefing from the parties on the applicability of *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314 (*Mitchell*),[3] to the issue before us. We have considered that briefing in our analysis here.

## II. DISCUSSION

Todd argues that he is entitled to remand for resentencing in light of Senate Bill No. 567, which amended section 1170, subdivision (b). The Attorney General contends that although Senate Bill No. 567's amendments to section 1170, subdivision (b) apply retroactively here, remand is not warranted because Todd stipulated to an upper-term sentence as part of his plea bargain. For the reasons we explain below, we determine that Todd's case must be remanded for resentencing.

### A. *Senate Bill No. 567 Applies to Todd Retroactively*

At the time of Todd's sentencing, section 1170, subdivision (b) provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court." (See former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to make the middle term the presumptive sentence. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500; § 1170, subd. (b)(1).) As amended by Senate Bill No. 597, section 1170, subdivision (b)(2) provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle

---

[3] Because our Supreme Court granted review in *Mitchell*, we cite it "for its persuasive value." (See Standing Order Exercising Authority Under California Rules of Court, Rule 8.1115(e)(3), Upon Grant of Review or Transfer of a Matter with an Underlying Published Court of Appeal Opinion, Administrative Order 2021-04-21; Cal. Rules of Court, rule 8.115(e)(3) and corresponding Comment, par. 2.).

term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Section 1170, subdivision (b)(3) additionally provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

Todd's case was not final when the amendments to section 1170 effectuated by Senate Bill No. 567 took effect. We agree with the parties that Todd is entitled to retroactive application of the amended statute because it is an ameliorative change in the law and there is nothing to indicate that the Legislature intended the change to apply only prospectively. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*); *In re Estrada* (1965) 63 Cal.2d 740, 745.)

### B. Amended Section 1170, Subdivision (b) Applies Despite Todd's Negotiated Sentence

Although amended section 1170, subdivision (b) is retroactive in Todd's case, we must also determine whether Todd is entitled to any benefit of the amended statute because his upper-term sentence was the result of a negotiated disposition. Relying on *Mitchell*, *supra*, 83 Cal.App.5th 1051, the Attorney General argues that Todd is not entitled to the ameliorative effect of section 1170, subdivision (b), and that the trial court would be precluded from imposing any sentence other than the negotiated upper term of the sentencing triad were the matter remanded.

In *Mitchell*, the First District Court of Appeal, Division Five adopted the same argument advanced by the Attorney General in this case and held that Senate Bill No. 567's amendments to section 1170, subdivision (b) are not applicable where a defendant received an upper-term sentence based upon a negotiated plea bargain. (*Mitchell*, *supra*, 83 Cal.App.5th at pp. 1057-1059.) In its analysis, the *Mitchell* court relied heavily on *People v. Brooks* (2020) 58 Cal.App.5th 1099, where Division Four of

3

the First District Court of Appeal had determined that retroactive relief under amended section 1170.91 was not available where the sentence was the result of a stipulated plea agreement. (*Mitchell*, *supra*, at p. 1057.) The court agreed with *Brooks* that a negotiated plea " '[gives] the court no room to exercise discretion in the selection of a low, middle, or high term." (*Id.* at p. 1058, quoting *Brooks* at p. 1109.) The court's sole discretionary determination is whether to accept the negotiated disposition or reject it. "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.' " (*Ibid.*, quoting *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047.)

Examining the language of amended section 1170, subdivision (b)(1), the *Mitchell* court observed that the statute provides the trial court "shall, in its sound discretion, order imposition of a sentence not to exceed the middle term except as other provided in paragraph (2)." The court deduced "[t]his language indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement, as the trial court lacks discretion to select the sentence in the first place." (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1058.) Because the trial court exercised no triad sentencing discretion in imposing the sentence under the plea agreement, it could not "effectively withdraw its approval by later modifying the terms of the agreement it had approved." (*Ibid.*, quoting *Brooks, supra,* 58 Cal.App.5th at p. 1107.) Based on the language of amended section 1170, subdivision (b), its legislative history, and the limitations placed on the trial court's discretion when imposing a sentence under a negotiated plea, the *Mitchell* court determined there had been no occasion under the stipulated plea to find any aggravated facts to support imposition of the upper term at the defendant's sentencing, the court had exercised no discretion, and therefore the defendant was not entitled to relief under the statutory changes effected by Senate Bill No. 567. (*Mitchell, supra*, at p. 1059.)

We respectfully disagree with the rationale of *Mitchell* and conclude that its reliance on *Brooks* is misplaced. *Brooks* involved the application of section 1170.91, a

4

statute that requires consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion. (*Brooks*, *supra*, 58 Cal.App.5th at p. 1104.) But section 1170, subdivision (b) does not merely add additional factors to be considered among many in the trial court's sentencing determination. It prohibits the imposition of the upper-term sentence absent specific findings. The court may impose such a sentence "only when there are circumstances in aggravation of the crime that justify" that choice, and only where "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Absent the finding and articulation of such justification and facts, or a valid waiver of these new requirements, the imposition of the aggravated term is outside the discretion of the sentencing court under newly-amended section 1170, subdivision (b). In *Brooks*, the plea bargain resulted in a sentence that was within the boundaries of the Penal Code's sentencing structure. Here, the imposition of the aggravated term exceeds the court's authority unless the statutory prerequisites are met or waived because the aggravated term cannot be imposed absent the court's finding of those circumstances.

Further, the holding in *Mitchell* is grounded on a theory of private contractual enforcement that is free of intrusive modification by the court. (See *Mitchell*, *supra*, 83 Cal.App.5th at pp. 1057-1058). But we are required to reconcile the newly-enacted section 1170, subdivision (b) under the circumstances of a plea bargain with the Legislature's passage in 2019 of section 1016.8. Unlike the enforcement of civil contracts, "[t]he California Supreme Court held in *Doe v. Harris* (2013) 57 Cal.4th 64 that, as a general rule, plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. That the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (§ 1016.8, subd. (a)(1).) Therefore, "[a] plea bargain that requires a defendant to

5

generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent."  (§ 1016.8, subd. (a)(4).)

There is no question that the negotiated disposition here qualifies as a plea bargain under section 1016.8.  Section 1016.8, subdivision (c) states that "[f]or purposes of this section, 'plea bargain' has the same meaning as defined in subdivision (b) of section 1192.7."  (§ 1016.8, subd. (c)).  Section 1192.7 in turn defines plea bargaining as "any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant."  (§ 1192.7, subd. (b).)  Thus under section 1016.8, the fact that the parties in this case entered into a plea agreement that was accepted by the sentencing court "does not have the effect of insulating them" from these retroactive changes enacted by Senate Bill No. 567.  (§ 1016.8, subd. (a)(1).)  We are persuaded that were we to adopt the reasoning of the court in *Mitchell*, we would render Todd's plea bargain to a stipulated sentence the very waiver of "unknown future benefits of legislative enactments" that the Legislature has deemed void as against public policy because his entry of plea on those terms was not "knowing and intelligent."  (See § 1016.8, subd. (a)(4).)

We are further persuaded that Senate Bill No. 567 should be given effect here because the Legislature declined to limit the retroactive effect of this legislation, which indicates its intent that the parties be bound by its amendment to the sentencing provision and honor section 1016.8.  (See *Flores*, *supra*, 73 Cal.App.5th at p. 1039.)  The Legislature is aware of its authority to expand and contract the retroactive effect of its amendments to the sentencing laws, as it has elected in certain instances to explicitly include or exclude categories of offenders from the ameliorative benefits of its

6

enactments. (See, e.g., Sen. Bill No. 81 (2021-2022 Reg. Sess.) [limiting section 1385, subdivision (c) dismissal of enhancements in the furtherance of justice to "sentencings occurring after January 1, 2022"]; Sen. Bill No. 775 (2021-2022 Reg. Sess.) [amending section 1172.6. to allow a person "whose conviction is not final" to challenge a conviction under the felony murder statute and natural and probable consequences doctrine of homicide under Sen. Bill No. 1437 (2017-2018 Reg. Sess.)].)

The *Mitchell* decision appropriately underscores the primacy of the plea agreement against discretionary judicial interference, other than acceptance or rejection. (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1058.) But the relevant question here is not whether the sentencing judge is bound by the parties' stipulated sentence, but whether Todd is entitled to the ameliorative effect of Senate Bill No. 567's new sentencing provisions. We agree with Todd that *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) is instructive here. In *Stamps*, the defendant, who had pled guilty in exchange for a specified term, requested that his case be remanded so that the trial court could consider striking his serious felony prior conviction under newly-amended section 1385, subdivision (a), which went into effect while his appeal was pending. (*Stamps*, *supra*, 9 Cal.5th at p. 692.) Despite Stamps's admission of the five-year prior conviction as part of a negotiated disposition, because the new provision applied retroactively on appeal, the Supreme Court determined that the defendant should be given the opportunity to seek the court's exercise of its newly-authorized discretion under the amended section 1385. (*Id.* at p. 707.) To be sure, *Stamps* concluded that the defendant was entitled to seek the exercise of the trial court's new discretionary authority. Here, we consider a statutory amendment that proscribes the negotiated sentence agreed upon by the parties and accepted by the court absent certain conditions itemized in the new law. But with respect to the application of section 1016.8, subdivision (a)(4), we perceive no reason to treat the two circumstances differently. As in *Stamps*, Todd is entitled to remand for resentencing in compliance with amended section 1170, subdivision (b).

7

For these reasons, we conclude that Todd's sentence to the aggravated term as a condition of his negotiated plea agreement does not negate the requirements imposed on the court by amended section 1170, subdivision (b), which is retroactively applicable to him. The trial court sentenced Todd to the upper term based solely on the fact that the sentence was a term of his negotiated plea agreement. It did not state on the record that it relied upon any aggravating factors when sentencing Todd to that term. Because the court's imposition of the aggravated term does not comply with the requirements of section 1170, subdivision (b), as amended by Senate Bill No. 567, remand for resentencing is not futile, as the Attorney General contends, but is necessary for the trial court to comply with the new mandates of section 1170, subdivision (b).

### C. *On Remand, Absent Todd's Waiver, the Trial Court Must Invoke the Requirements of section 1170, subdivision (b)(2) and (3)*

Because the trial court did not make the determination required under section 1170, subdivision (b)(1), we must remand the matter to permit Todd to waive or invoke the requirements of section 1170, subdivision (b). On remand, the trial must determine whether it can give effect to the parties' negotiated agreement under the sentencing constraints we describe in this opinion.

As in *Stamps*, Todd may choose to freely and voluntarily waive the requirements of section 1170, subdivision (b)(2) and (3) and accept the plea bargain. If Todd does not so waive, the trial court must determine whether there are circumstances in aggravation as described in section 1170, subdivision (b)(2) and (3) that justify the imposition of the upper term sentence under the plea bargain and state its facts and reasons on the record. If the trial court concludes that there are no circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, it cannot impose the upper term. Absent a waiver from Todd, the facts to justify the imposition of the upper term must comply with the requirements of section 1170, subdivision (b)(2) and (3), i.e., be garnered from the parties' stipulation, or result from the defendant's prior

8

convictions based on a certified record of conviction, if any, or from facts "found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), (3).)

Since under the terms of the plea agreement, no term other than the upper term may be imposed, and the trial court is not authorized to unilaterally modify the plea agreement, unless Todd waives the requirements of the statute, if the trial court does not find circumstances to justify the imposition of the aggravated term as outlined in amended section 1170, subdivision (b), the only remedy available to the trial court is to withdraw approval for the plea agreement and return the parties to the status quo. (*Stamps*, *supra*, 9 Cal.5th at p. 707.)

We recognize that this process creates a new burden for the trial courts that was perhaps unanticipated with the adoption of Senate Bill No. 567. However, we see no other reasonable interpretation that reconciles the statutes before us.

### III.    DISPOSITION

The judgment is reversed and the matter is remanded for resentencing under Penal Code section 1170, subdivision (b), as amended by Senate Bill No. 567.[4]

---

[4] Because the judgment is reversed we do not address the parties' arguments that: (1) the sentence to the concurrent upper term in count 8 is harmless; and (2) clerical errors in the abstract of judgment must be corrected.

_____
       Greenwood, P. J.


WE CONCUR:




_____
    Lie, J.







_____
    Wilson, J.




People v. Todd
H049129

| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.: C1899027 |

| Trial Judge: | The Honorable Matthew S. Harris |

| Attorneys for Defendant and Appellant DANIEL KEVIN TODD: | Gordon B. Scott under appointment by the Court of Appeal for Appellant |

| Attorneys for Plaintiff and Respondent THE PEOPLE: | Rob Bonta, Attorney General of California |
| | Lance E. Winters, Chief Assistant Attorney General |
| | Jeffrey M. Laurence, Senior Assistant Attorney General |
| | Donna M. Provenzano, Supervising Deputy Attorney General |
| | Victoria Ratnikova, Deputy Attorney General |

H049129
People v. Todd

11