Filed 8/8/23  P. v. Carbajal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C097129 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1900725) |
| v. | |
| ELEANA MISHELLE CARBAJAL, | |
| Defendant and Appellant. | |

Defendant Eleana Mishelle Carbajal left her baby alone in the bathtub resulting in his death.  Originally charged with murder, defendant pled no contest to felony child abuse while personally inflicting great bodily injury and involuntary manslaughter in exchange for a stipulated term of 12 years in state prison with execution suspended and probation.  After defendant admitted violating probation, the trial court lifted the stay on the previously suspended sentence, which included upper terms on both counts and the enhancement.

On appeal, defendant contends she is entitled to be resentenced under recently enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which limits a trial

1

court's discretion to impose upper term sentences.  (Stats. 2021, ch. 731, § 1.3.)  Assuming defendant may raise her appellate claim, we conclude defendant is not entitled to the ameliorative benefit of Senate Bill 567 because the trial court did not exercise any discretion in imposing the stipulated sentence under the parties' plea agreement.  Accordingly, we shall affirm the judgment.

## I.  BACKGROUND

The facts underlying defendant's convictions are not relevant to our disposition.[1]  Briefly summarized, defendant left her 22-month-old son unattended in the bathtub after filling it with a few inches of water; when she returned several minutes later, she found him unresponsive, and he was later pronounced dead at the hospital.

Following her son's death, defendant was charged with murder (Pen. Code, § 187, subd. (a)—count 1),[2] willful harm or injury to a child likely to cause great bodily injury or death (felony child abuse) (§ 273a, subd. (a)—count 2), and involuntary manslaughter (§ 192, subd. (b)—count 3).  Count 2 included a great bodily injury enhancement (§ 12022.7, subd. (d)).

In November 2019, pursuant to a negotiated plea bargain, defendant pled no contest to felony child abuse and involuntary manslaughter and admitted the great bodily injury enhancement in exchange for a stipulated term of 12 years in state prison that would be suspended with a five-year grant of felony probation and dismissal of the remaining murder charge.  The following month, in December 2019, the trial court imposed and suspended the stipulated 12-year term, which included the upper term of six

---

[1]  Defendant stipulated to the preliminary hearing transcript and all evidence admitted at the preliminary hearing, the police report (YSCO-18-4785) and associated coroner's report, probation report, and all Department of Justice reports as the factual basis for her plea.

[2]  Further undesignated statutory references are to the Penal Code.

years for the felony child abuse conviction (count 2), six years for the attached great bodily injury enhancement, and a concurrent four-year upper term for the involuntary manslaughter conviction (count 3). The court placed defendant on probation for five years with various terms and conditions, including that she could not have unsupervised contact with children under the age of 12 years old.

In August 2022, defendant admitted she violated probation by having a child under 12 years of age at her residence without supervision. The next month, the trial court lifted the stay on the 12-year prison sentence despite defense counsel's request that the court continue to stay the execution of sentence. Defendant timely appealed.

## II.  DISCUSSION

Defendant contends the case should be remanded for resentencing because the trial court imposed the upper term on counts 2 and 3 as well as on the great bodily injury enhancement with no aggravating facts stipulated to or admitted by defendant nor found true by a jury as Senate Bill 567 now requires. That is, despite her plea agreement, the 12-year upper term sentence she received is no longer authorized under Senate Bill 567. Before turning to the merits, we first consider whether defendant properly preserved this issue for review.

When defendant initially pled no contest and was sentenced to a suspended stipulated term in 2019, Senate Bill 567 had not yet been enacted. Thus, she could not have objected based on Senate Bill 567 at that time.

However, by August 2022, when the trial court lifted the stay of execution on her stipulated prison term, Senate Bill 567 had been in effect since January 2022. (Stats. 2021, ch. 731, § 1.3.) At that hearing, defendant did not argue or otherwise object that her stipulated upper term sentence failed to comport with Senate Bill 567's new sentencing requirements, instead arguing only that she technically, rather than substantively, violated the terms of her probation. The absence of an objection based on Senate Bill 567 arguably forfeits the issue on appeal. (*People v. Garcia* (2010)

3

185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' " (italics omitted)].)

Nevertheless, because the trial court simply lifted the stay on a sentence imposed *before* Senate Bill 567 took effect, and because a reviewing court may exercise discretion to review a forfeited claim, especially one that involves a legal question rather than a question of fact (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889), we shall consider defendant's appeal on the merits. For the reasons explained below, we reject her claim that Senate Bill 567 applies to the stipulated sentence in her plea bargain.

As relevant here, Senate Bill 567 generally limits the trial court's ability to impose the upper term sentence unless aggravating circumstances that justify imposing a term in excess of the middle term have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or the judge in a court trial. (§ 1170, subd. (b)(1)-(2).) Senate Bill 567 applies retroactively to cases not yet final on appeal under *In re Estrada* (1965) 63 Cal.2d 740. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.) Although we agree with the parties that Senate Bill 567 is retroactive, we conclude the new legislation does not apply to defendant's stipulated plea agreement.

As Division Five of the First Appellate District explained in *People v. Mitchell* (2022) 83 Cal.App.5th 1051 (*Mitchell*), review granted December 14, 2022, S277314, the statutory language employed in Senate Bill 567 demonstrates it was not intended to apply to sentences imposed pursuant to stipulated plea agreements. (*Mitchell, supra*, at pp. 1058-1059.) The *Mitchell* court reasoned that "amended section 1170, subdivision (b)(1) states that where an offense provides for a sentencing triad, the trial court 'shall, in its *sound discretion*, order imposition of a sentence not to exceed the middle term except as otherwise provided in paragraph (2),' " and by sentencing the defendant to a stipulated term, "[t]he court had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice'

4

under former section 1170, subdivision (b).  Indeed, when presented with a stipulated plea agreement, a trial court may either accept or reject it.  ' "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." ' (*People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047.)" (*Id.* at p. 1058.)

" ' "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." ' " (*People v. Cunningham, supra*, 49 Cal.App.4th at p. 1047.)  The parties to the agreement specify the terms of the agreement, which may include the length of the sentence to be imposed by the court. (§ 1192.5, subd. (a).)  Having approved the plea, "the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5, subd. (b); see *Mitchell, supra*, 83 Cal.App.5th at p. 1058.)

The reasoning in *People v. Brooks*, which considered the application of similar legislative changes, also provides useful guidance.  (*People v. Brooks* (2020) 58 Cal.App.5th 1099, 1106-1107.)  There, the *Brooks* court found that when a trial court sentenced the defendant to a stipulated term, it was not exercising its triad sentencing discretion so amended section 1170.91, which mandates "consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion," did not apply.

We recognize that the Sixth Appellate District recently disagreed with *Mitchell* in *People v. Todd* (2023) 88 Cal.App.5th 373, 378, 381, review granted April 26, 2023, S279154.  In so doing, the *Todd* court found that a plea is not knowing and intelligent under section 1016.8[3] if it requires a defendant to generally waive unknown benefits of

---

[3]  Section 1016.8 codifies the Supreme Court's statement in *Doe v. Harris* (2013) 57 Cal.4th 64, 66, that plea agreements are not insulated "from changes in the law *that the Legislature has intended to apply to them*," and further provides that any provision of

5

future legislative enactments.  (*Todd, supra*, at pp. 379-380.)  But *Todd* fails to persuasively explain why Senate Bill 567 would apply where the trial court does not impose upper terms under an accepted stipulated plea agreement as an exercise of the court's own independent sentencing discretion rather than merely carrying out the terms agreed to by the parties.  Until such time as our Supreme Court resolves this split of authority, we find *Mitchell*'s analysis more persuasive and conclude the trial court had no opportunity to exercise its triad sentencing discretion when lifting the stay of execution on the stipulated upper term sentence here.  As such, we do not find that the recent amendments to section 1170 apply to this case.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____
RENNER, Acting P. J.

We concur:

/S/

_____
KRAUSE, J.

/S/

_____
BOULWARE EURIE, J.

_____

a bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy. (§ 1016.8, subds. (a)(1), (b), italics added.)