Filed 6/4/24  P. v. Cantu CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NATHANIEL NICHOLAS CANTU, JR.,<br><br>    Defendant and Appellant. | F085733<br><br>(Super. Ct. No. SF018813B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In 2017, appellant Nathaniel Nicholas Cantu, Jr., pled no contest to assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1), count 1) and active participation in a criminal street gang (§ 186.22, subd. (a), count 3). As to count 1, Cantu admitted that he committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)), and that he had personally inflicted great bodily injury upon the victim in the commission of the offense (§ 12022.7). Cantu further admitted that he had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that he had served one prior prison term (§ 667.5, subd. (b)).[2] Consistent with the parties' negotiated agreement, the trial court imposed an aggregate term of 10 years eight months in state prison.

In 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (SB 136) amended section 667.5, restricting the application of prior prison term enhancements except where a prior conviction was for a sexually violent offense. (Stats 2019, ch. 590, § 1.)

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (SB 483) added former section 1172.1, now section 1172.75 to the Penal Code.[3] (Stats. 2021, ch. 728.) Section 1172.75 made SB 136's changes to the law fully retroactive to "all persons currently serving a term of incarceration … for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 3.) The California Department of Corrections and Rehabilitation (CDCR) was required to identify all inmates eligible for resentencing by July 1, 2022. (§ 1172.75, subd. (b)(2).)

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

[2] Following a motion by Cantu, the trial court struck one of the prior strikes.

[3] Effective June 30, 2022, 1171.1 was renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12; see *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, fn. 2, review granted February 21, 2024, S283189.) For the sake of consistency, we refer to the statute by its current designation throughout the remainder of this opinion.

On July 12, 2022, the Kern County Public Defender's Office filed a motion for resentencing on Cantu's behalf, requesting the trial court strike the prior prison term enhancement that was applied to his sentence. It is undisputed that Cantu's prior prison term enhancement is not based upon a sexually violent offense. The trial court denied the petition without prejudice, explaining that section 1172.75 sets forth a resentencing procedure that must be followed.

On December 27, 2022, the Kern County Public Defender's Office filed another motion for resentencing on Cantu's behalf, requesting the trial court strike the prior prison term enhancement applied to Cantu's sentence.

On February 9, 2023, the trial court granted Cantu's motion, recalled his sentence, struck the prior prison term enhancement, and resentenced Cantu. The court declined to reduce Cantu's sentence on any other counts, citing the fact that Cantu had negotiated his prison sentence and the prosecutor was unwilling to modify the negotiated term. Cantu was sentenced to an aggregate prison term of nine years eight months, consisting of six years on count 1, representing the midterm of three years doubled for Cantu's prior strike conviction, plus three years for the section 12022.7 enhancement, and a consecutive term of eight months on count 3, which is one-third of the middle term. The court stayed the section 186.22, subdivision (a) enhancement pursuant to section 654.

Cantu appeals, arguing that the trial court erred by denying his request for a "full resentencing," notwithstanding his negotiated sentence. We conclude that remand for further proceedings is warranted.

## STATEMENT OF FACTS

The underlying facts relating to Cantu's crime are not relevant to this appeal. We therefore dispense with a recitation of these facts.

3.

## ANALYSIS

### I.     The Trial Court's Jurisdiction to Recall Cantu's Sentence

Cantu contends that the trial court erred by declining to exercise its sentencing discretion on other counts, striking only the now invalid prior prison term enhancement that was applied to his sentence. The Attorney General asserts that the trial court erred by resentencing Cantu in the first instance because the court lacked the jurisdiction to recall his sentence. It is well-settled that neither a defendant nor someone acting upon the defendant's behalf can seek recall for resentencing by filing a motion or petition. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition"].) As relevant here, the resentencing procedure under section 1172.75 begins with corrections officials identifying inmates potentially eligible for resentencing. (See § 1172.75, subd. (b).)

Following the submission of the parties' appellate briefs, we ordered the record augmented, on our own motion, to include any materials filed or lodged in the Kern County Superior Court that demonstrate that CDCR had identified Cantu "as a person serving a term for a judgment that includes an enhancement described in subdivision (a) of Penal Code section 1172.75, and the date such information was received." The superior court provided this court with a list prepared by CDCR identifying all such inmates.[4] Cantu's name is included on that list. We therefore conclude the trial court had jurisdiction to recall Cantu's sentence, even if it were prompted to act by the public defender's motion seeking recall and resentencing.

#### A.     *Relevant Legal Principles*

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the

---

[4] The Kern County Superior Court received this list on February 24, 2022, nearly one year before Cantu's resentencing hearing.

defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380 (*Burgess*).) On January 1, 2020, after Cantu's sentencing hearing, SB 136 amended section 667.5, subdivision (b) to allow for the imposition of a one-year prior prison term enhancement only for prior convictions based upon specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2022, the Legislature enacted SB 483, establishing a recall and resentencing procedure for any persons serving a term of incarceration, whose sentences included an invalid prior prison term enhancement. (See § 1172.75, subd. (c).)

The resentencing process begins with corrections officials notifying the court that an incarcerated person is serving a term for a judgment that includes an invalid section 667.5, subdivision (b) enhancement. (See § 1172.75, subd. (b).) Section 1172.75 establishes a deadline under which the secretary of the CDCR and county correctional administrators must identify persons in custody serving sentences that include an enhancement under section 667.5. First, "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement." And second, "[b]y July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(1)-(2).)

Resentencing for the "priority" group was statutorily required to occur by October 1, 2022, and "[b]y December 31, 2023, for all other individuals." (§ 1172.75, subd. (c)(1), (2).)

### B.    Analysis

Cantu entered his no contest plea in March 2017, and began serving his sentence in April 2017. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) There are however statutorily recognized exceptions to this rule. (See, e.g., §§ 1172.6 [authorizing a

5.

petitioner to seek postconviction resentencing on eligible convictions for murder, attempted murder, and voluntary manslaughter]; 1170.18 [establishing petition procedure for resentencing on specified drug and theft-related offenses]; 1170.126 [petition procedure for resentencing under the Three Strikes Reform Act]; 1170, subd. (d)(1)(A) [petition procedure for juvenile offenders sentenced to life without the possibility of parole to seek recall and resentencing to a parole eligible term]; 745, subd. (b) [establishing a motion procedure for seeking relief under the Racial Justice Act].)

Here, the trial court recalled Cantu's sentence upon receipt of the public defender's motion seeking recall, filed pursuant to section 1172.75. Section 1172.75 does not however authorize a defendant or his trial counsel to seek recall and resentencing by filing a freestanding motion. (See *Burgess*, *supra*, 86 Cal.App.5th at p. 384 ["section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion"]; *People v. Cota*, *supra*, 97 Cal.App.5th 318 [same]; *People v. Newell* (2023) 93 Cal.App.5th 265, 268 [same]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448 ["when the Legislature wants to authorize defendants to seek relief by way of a petition, … it knows how to do so"].)

However, the augmented record demonstrates that CDCR had furnished a list to the Kern County Superior Court, identifying all inmates whose judgment of conviction included a section 667.5, subdivision (b) enhancement. Because Cantu was identified on this list, the trial court had jurisdiction to recall his sentence, even if the court was prompted to act by the public defender's motion seeking recall. (See, *People v. Cota, supra*, 97 Cal.App.5th 318 [holding that CDCR's identification of the defendant as an individual potentially eligible for resentencing under section 1172.75 vests the court with jurisdiction to recall the defendant's sentence]; see also, *People v. Coddington* (2023) 96 Cal.App.5th 562, 567, fn. 4 [same].) Having concluded that the trial court in fact had jurisdiction to recall Cantu's sentence, we now turn to Cantu's claim that the trial court erred by denying him a full resentencing.

## II.  Cantu's Entitlement to a Full Resentencing

Next, Cantu contends that the trial court erred by declining to grant him a full resentencing hearing.  We conclude that remand for further proceedings, to potentially include a full resentencing hearing, is warranted.

" ' ' "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.'  [Citation.]  Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.  [Citation.]  Once the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' " ' " (*People v. Prudholme* (2023) 14 Cal.5th 961, 973; see *People v. Stamps* (2020) 9 Cal.5th 685, 701.)

" ' "When a guilty [or no contest] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' " (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.)  When the court approves a plea agreement, the court must impose the sentence the agreement specifies.  (*People v. Stamps*, *supra*, 9 Cal.5th at p. 701; see § 1192.5, subd. (b) [when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, ... the court may not proceed as to the plea other than as specified in the plea"]; *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1005 [" '[w]hen a defendant who enters into a plea also agrees to a stipulated sentence, upon accepting the plea, the trial court may not proceed as to the plea other than as specified in the plea' "]; *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047 [" 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain' "].)

Whether convicted by jury or plea, prisoners whose sentences include a now invalid section 667.5 prior prison term enhancement are entitled to resentencing relief.  Section 1172.75 draws no distinction between these two groups.  Moreover, prisoners

eligible for resentencing under section 1172.75, are entitled to a full resentencing, and not, "not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted March 12, 2023, S283547 [same]) Indeed, section 1172.75, subdivision (d)(2) provides that the resentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

Thus, although the trial court may not unilaterally modify a plea agreement at a resentencing hearing (see *People v. Stamps*, *supra*, 9 Cal.5th at p. 701), the defendant is entitled to the benefit of any other ameliorative changes in the law at the time of his or her resentencing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 161-162 [a case is no longer final when the underlying sentence is vacated and a new sentence is imposed]; see also, *Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"].) This is true even if other ameliorative changes in the law would not have independently applied because the defendant's judgment of conviction had reached finality. (See e.g., *People v. Padilla* at pp. 158, 168 [finding that the petitioner was entitled to retroactive application of Proposition 57 after his sentence was vacated following a successful habeas writ].) Recall of a defendant's sentence vacates the earlier judgment, requiring the court to resentence the defendant as if he or she had not been previously sentenced. (See *People v. Montes* (2021) 70 Cal.App.5th 35, 47-48; see also *People v. Arias* (2020) 52 Cal.App.5th 213, 219.)

Here, the trial court declined to modify Cantu's sentence beyond striking the section 667.5, subdivision (b) enhancement, citing the fact that Cantu had entered a plea with a negotiated sentence. Although Cantu does not identify any additional legislative enactments that should have been applied to his sentence but were not, we will send this

8.

matter back to the trial court for further consideration of this issue.[5] If Cantu is entitled to the benefit of further ameliorative enactments, the trial court must resentence him accordingly. In addition, we will order the trial court to correct the abstract of judgment to reflect the striking of the 667.5, subdivision (b) enhancement, as well as any other changes that may occur following further proceedings.

The Attorney General asks this court to permit the prosecutor to withdraw from the plea agreement if other aspects of Cantu's negotiated sentence are modified without the consent of the prosecutor. Assuming there are other ameliorative changes in the law that may further reduce Cantu's sentence, California appellate courts are divided on whether the application of such laws entitles the prosecution to withdraw from the plea agreement. (See *People v. Coddington*, *supra*, 96 Cal.App.5th at pp. 565, 568 [holding that reducing a defendant's sentence beyond simply striking the one-year prior prison term enhancement, based upon other postconviction ameliorative changes in the law, allows the prosecution to withdraw from the plea agreement]; but see, *People v. Carter* (2023) 97 Cal.App.5th 960, 972 (*Carter*) ["a defendant eligible for removal of a prison prior under section 1172.75 must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences, regardless of whether their sentence resulted from a plea agreement" but concluding that the prosecution is not entitled to withdraw from the plea agreement]; *People v. Montgomery* (2024) 100 Cal.App.5th 768, 774, review granted May 29, 2024, S284662 [agreeing with *Carter's* conclusion that the prosecution cannot withdraw from the plea agreement].)

Any opinion as to whether the prosecutor may withdraw from the plea agreement at this juncture would be purely advisory. "Courts may not render advisory opinions on

---

**5** We express no view as to what, if any, other ameliorative changes in the law to which Cantu may be entitled.

disputes which the parties anticipate might arise but which do not presently exist."
(*Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 542.)  We
therefore decline to address the Attorney General's request at this juncture.

## **DISPOSITION**

The matter is remanded back to the lower court for further proceedings consistent
with this opinion, including the application of any ameliorative changes in the law that
apply to Cantu's sentence, if any.  The trial court is ordered to amend the abstract of
judgment to reflect the striking of the section 667.5, subdivision (b) enhancement, as well
as any changes that may occur following further proceedings.


                                                                        SMITH, J.

WE CONCUR:


PEÑA, Acting P. J.


DE SANTOS, J.