Filed 9/10/24  P. v. Reck CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL RAY RECK,<br><br>    Defendant and Appellant. | F087215<br><br>(Super. Ct. Nos. VCF285703, VCF306715B )<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Conn Shirk, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Eric Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

On September 17, 2014, in case No. VCF285703, appellant Michael Ray Reck pleaded no contest to voluntary manslaughter (Pen. Code,[1] § 192) and admitted to personally using a firearm in the commission of the offense (§ 12022.5, subd. (a)). In addition, he admitted to having served one prior prison term (former § 667.5, subd. (b)).

On October 23, 2014, in case No. VCF306715B, Reck pleaded no contest to two counts of assault by means of force likely to inflict great bodily injury (§ 245, subd. (a)(4)).

On January 14, 2015, the trial court sentenced Reck to an aggregate determinate term of 24 years, consisting of 22 years for his conviction in case VCF285703, plus two years for his conviction in case No. VCF306715B.

On June 28, 2023, the trial court recalled Reck's sentence and struck the prior prison term enhancement (former § 667.5, subd. (b)), reducing Reck's prison sentence to 23 years.

On July 24, 2023, Reck filed a petition seeking resentencing on his conviction for voluntary manslaughter under section 1172.6—his third petition. The trial court denied his petition.

On appeal, Reck claims that trial counsel's waiver of his (Reck's) presence at his resentencing hearing was improper, and that the trial court erred by failing to conduct a full resentencing under section 1172.75. He further contends that the trial court erred by denying his petition for resentencing under section 1172.6. The Attorney General concedes that Reck's first claim of error has merit but submits that his second claim does not. We agree.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

We will remand this matter back to the lower court for a full resentencing hearing. Finding Reck's challenge to the denial of his section 1172.6 petition meritless, we affirm the trial court's order of denial on the petition.

## STATEMENT OF FACTS

Case No. VCF285703: On March 7, 2013, Reck and his accomplice, Adrian Hernandez, threatened H.R. with firearms. H.R., who was also armed, shot both Reck and Hernandez, wounding Reck and killing Hernandez.

Case No. VCF306715B: On April 21, 2014, while incarcerated at the Bob Wiley Detention Facility, Reck and five other inmates assaulted two deputy sheriffs.

## DISCUSSION

### I. Reck is Entitled to a Full Resentencing Hearing Pursuant to Section 1172.75

Reck contends that the trial court erred by striking the prior prison term enhancement applied to his sentence without conducting a full resentencing hearing. The Attorney General agrees, as do we. We conclude that remand for a full resentencing hearing is warranted.

#### A. Section 1172.75

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.)

In 2020, the Legislature enacted Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) which amended section 667.5, subdivision (b). Senate Bill No. 136 restricted the imposition of one-year prior prison term enhancements to prior convictions based upon specified sexually violent offenses.

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728), establishing a recall and resentencing procedure for any persons

3.

currently serving a term of incarceration whose sentences include an invalid prior prison term enhancement. (See § 1172.75, subd. (c).)

On June 28, 2023, the trial court held a resentencing hearing under section 1172.75. Trial counsel represented that he was waiving Reck's appearance for the hearing. The trial court struck the prior prison term enhancement in case No. VCF285703, reducing Reck's prison sentence to 23 years.

## B. Analysis

" ' " 'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.' [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.] Once the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' " ' " (*People v. Prudholme* (2023) 14 Cal.5th 961, 973; see *People v. Stamps* (2020) 9 Cal.5th 685, 701.)

" ' "When a guilty [or no contest] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' " (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.) When the court approves a plea agreement, the court must impose the sentence the agreement specifies. (*People v. Stamps, supra*, 9 Cal.5th at p. 701; see § 1192.5, subd. (b) [when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, ... the court may not proceed as to the plea other than as specified in the plea"]; *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1005 (" '[w]hen a defendant who enters into a plea also agrees to a stipulated sentence, upon accepting the plea, the trial court may not proceed as to the plea other than as specified in the plea' "); *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047 [" 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain' "].)

Whether convicted by jury or plea, prisoners whose sentences include a now invalid prior prison term enhancement are entitled to resentencing relief. Section 1172.75 draws no distinction between these two groups. Moreover, prisoners eligible for resentencing under section 1172.75, are entitled to a full resentencing, and "not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted March 12, 2023, S283547 [same]; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676 [concluding that a defendant entitled to resentencing relief under section 1172.75 is entitled to "the application of 'any other changes in law that reduce sentences or provide for judicial discretion' (§ 1172.75, subd. (d)(2)) and consideration of 'postconviction factors' militating against continued incarceration (§ 1172.75, subd. (d)(3))"].) Indeed, section 1172.75, subdivision (d)(2) provides that the resentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

Thus, although the trial court may not unilaterally modify a plea agreement at a resentencing hearing (see *People v. Stamps, supra*, 9 Cal.5th at p. 701), a defendant resentenced under section 1172.75 is entitled to the benefit of any other ameliorative changes in the law at the time of his or her resentencing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 161-162 [a case is no longer final when the underlying sentence is vacated and a new sentence is imposed]; see also, *Doe v. Harris* (2013) 57 Cal.4th 64, 66 ["That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"].) This is true even if other ameliorative changes in the law would not have independently applied because the defendant's judgment of conviction had reached finality. (See e.g., *Ibid*. [finding that the petitioner was entitled to retroactive application of Proposition 57 after his sentence was vacated following a successful habeas writ].) Recall of a

5.

defendant's sentence vacates the earlier judgment, requiring the court to resentence the defendant as if he or she had not been previously sentenced. (See *People v. Montes* (2021) 70 Cal.App.5th 35, 47-48; see also *People v. Arias* (2020) 52 Cal.App.5th 213, 219.)

The record here lacks any affirmative indication that a full resentencing occurred, or that the parties had otherwise waived the resentencing hearing. (See § 1172.75, subd (e).) The Attorney General concedes that this matter must be remanded back to the lower court for that purpose. We agree. The Attorney General further contends that Reck has the right to be present at the resentencing hearing unless his presence is waived consistent with section 977 of the Code of Civil Procedure. Once again, we agree.

We will therefore remand Reck's case back to the lower court for a full resentencing hearing. We express no view as to what new laws, if any, may apply at Reck's resentencing hearing.[2]

## II. Reck's Section 1172.6 Petition for Resentencing

Following the denial of his third petition for resentencing (§ 1172.6), Reck contends the trial court erred by denying his petition at the prima facie stage. It is undisputed that Reck's conviction for voluntary manslaughter, which occurred in 2014, is

---

[2] We observe however that in case No. VCF285703, Reck received the upper term sentence of 11 years for his conviction for voluntary manslaughter. California appellate courts are split on whether a defendant like Reck, who received an upper term pursuant to a plea agreement that included a stipulated sentence, is entitled to a remand under Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended the law to allow for imposition of the aggravated term only where such factors are found true beyond a reasonable doubt. The issue is imminently pending resolution by our Supreme Court. (Cf. *People v. Todd* (2023) 88 Cal.App.5th 373, 381-382, review granted Apr. 26, 2023, S279154 [defendant entitled to remand] and *People v. Fox* (2023) 90 Cal.App.5th 826, 831 [same] with *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059, review granted Dec. 14, 2022, S2773314 [defendant not entitled to remand]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 333-334, review granted Apr. 26, 2023, S278690 [same].) The parties will have the opportunity to raise this issue at Reck's resentencing hearing.

based upon the provocative act doctrine.  Indeed, the parties stipulated to this at the proceedings on Reck's petition below.

In 2009, our Supreme Court clarified that the provocative act murder doctrine requires proof that each defendant personally harbored malice.  (See *People v. Concha* (2009) 47 Cal.4th 653, 663 (*Concha*).)  Since the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), numerous appellate courts have held that because the provocative act doctrine does not implicate the imputation of malice, it remains a valid theory of murder liability.  (See *People v. Johnson* (2020) 57 Cal.App.5th 257, 266-268; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 867; *People v. Swanson* (2020) 57 Cal.App.5th 604, 612-617; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1172; *People v. Antonelli* (2023) 93 Cal.App.5th 712, review granted Oct. 18, 2023, S281599.)[3]

Reck attempts to resist this conclusion, arguing that his stipulation was not dispositive of the theory of murder upon which he was convicted.  We are not persuaded that Reck's stipulation cannot be relied upon under the circumstances.  The only theory upon which Reck could have been convicted of a murder, which was perpetrated by the intended victim against an accomplice to the crime, would have been the provocative act doctrine.

Reck further contends that the provocative act doctrine did not foreclose him from being convicted upon a theory of imputed malice.  He directs this court to *People v. Lee* (2023) 95 Cal.App.5th 1164 (*Lee*) to support his assertion.  There, the appellate court reversed the trial court's order denying Lee's section 1172.6 petition at the prima facie

---

**3** In *People v. Antonelli*, our Supreme Court granted review, in part, to decide whether a defendant is entitled to resentencing under section 1172.6 "on the ground that malice could be imputed to the defendant under the provocative act theory of murder for convictions occurring before 2009 (see Sen. Bill No. 775 (2021‑2022 Reg. Sess.); *People v. Concha* (2009) 47 Cal.4th 653)?"  Because Reck's conviction occurred in 2014, the issue being considered in *Antonelli* does not impact Reck's conviction.

review stage.  (*Id*. at p. 1173, fn. 2.)  At the time of Lee's 1994 conviction for a provocative act murder, the law did not require that a defendant personally act with malice.  (*Id*. at p. 1173.)  Unlike in *Lee*, Reck was convicted of provocative act murder in 2014, nearly five years after our Supreme Court clarified in *Concha* that the provocative act murder doctrine requires proof that each defendant personally harbored malice.  (See *Concha, supra*, 47 Cal.4th at p. 663.)  Consequently, *Lee* does not assist Reck.

### DISPOSITION

The matter is remanded back to the lower court for a full resentencing hearing. The trial court's order denying Reck's petition for resentencing under section 1172.6 is affirmed.


SMITH, J.

WE CONCUR:


PEÑA, Acting P. J.


DE SANTOS, J.

8.