Filed 12/13/23  P. v. Brown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081583 |
| v. | (Super.Ct.No. FWV18004486) |
| KENYON DARRELL BROWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Kenyon Darrell Brown, in pro. per.; and Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kenyon D. Brown filed two notices of appeal from separate minute orders relating to various pro se petitions and motions, including a

purported denial of a petition for resentencing pursuant to Penal Code[1] section 1172.6, as well as challenges to his guilty plea based on alleged violations of Senate Bill No. 731 (2021-2022 Reg. Sess.), Assembly Bill No. 256 (2021-2022 Reg. Sess.), and section 1473. His second notice of appeal purports to be from the trial court's refusal to strike an allegation under the strikes law. His appellate counsel filed a brief under the procedures described by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*); Brown has filed two supplemental briefs, with overlapping contentions. We have independently reviewed the contentions Brown raised in his supplemental briefs and conclude none of them has merit. We affirm.

## BACKGROUND

We provide a detailed history of this case, which overlaps with other appeals as well as petitions filed both in the trial court and this court seeking various types of relief to ensure nothing is overlooked, due to the confusing background proceedings, replete with defendant's prodigious and repetitive filings in the trial court and notices of appeal.

On February 19, 2019, an information was filed charging defendant with one count of second degree robbery (§ 211), along with an allegation that he had suffered a prior serious or violent felony within the meaning of the strikes law, relating to defendant's prior conviction for attempted murder. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 664, 187.) On August 7, 2019, the People filed an amended information,

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

alleging the same substantive count of robbery with the strike allegation, but adding another strike for his prior conviction of animal cruelty with personal use of a deadly or dangerous weapon. (§§ 597, 12022, subd. (b).) In addition, the amendment added a "nickel prior" (i.e., a five-year enhancement under § 667, subd. (a); *People v. Panighetti* (2023) 95 Cal.App.5th 978, 1001), enhancements relating to both prior convictions, pursuant to section 667, subdivision (a)(1), and an enhancement allegation relating to a prior prison term pursuant to section 667.5, subdivision (b).

On August 9, 2019, the People made a motion to withdraw the amended information in return for defendant's agreement to plead guilty to count 1 and admit the strike allegation, for a stipulated sentence of 10 years in prison. The agreement also included a provision by which defendant admitted a violation of probation respecting the animal cruelty conviction, for which the agreed upon sentence was for a concurrent term of four years in prison.[2] Defendant pled guilty pursuant to the plea agreement and was sentenced in conformity with the plea bargain. No appeal was taken from this judgment.

On February 9, 2023, defendant sent a letter/petition to the superior court alleging that Senate Bill No. 775 (2021-2022 Reg. Sess.) rendered his prior attempted murder conviction invalid and asking the court to resentence him on the robbery without the effect of the prior strike.

---

[2] The abstract of judgment was amended twice due to a clerical error in recording a consecutive one-year term for the deadly weapon enhancement to the animal cruelty conviction.

3

On March 6, 2023, defendant filed a pro se motion to vacate his robbery conviction along with his prior conviction for attempted murder (San Bernardino Superior Court case No. FSB701222) alleging a violation of section 1473.6 and that the prior conviction for attempted murder was invalid as a strike because an order to show cause had been issued on his resentencing petition.[3] On March 21, 2023, the trial court denied that petition on the ground defendant's prior conviction for attempted murder had not been vacated.

On June 2, 2023, the court issued a ruling on defendant's February 9, 2023 letter petition, denying it because his section 1172.6 petition had been denied, rendering his request for resentencing moot. On June 7, 2023, the court considered another pro se petition filed by defendant filed on April 26, 2023, that had been ruled on previously in connection with defendant's resentencing petition, which was the subject of another appeal.[4] The court ruled that because the application was presented under section 1473,

---

[3] Defendant's resentencing petition was denied on June 2, 2023, following an evidentiary hearing. Defendant appealed that judgment (*People v. Brown* (Nov. 16, 2023, E081484) [nonpub. opn.]) and we affirmed the trial court's determination that defendant was ineligible for resentencing.

[4] This petition was also the subject of defendant's previous appeal (*People v. Brown*, *supra*, E081484), where the pro se filing is included in the clerk's transcript at page 30.

pertaining to petitions for writ of habeas corpus, it was not properly before that particular department.[5]

Defendant appealed from the March 21, 2023 order on May 12, 2023, and again on June 14, 2023, where he also requested a certificate of probable cause to vacate his guilty plea in the robbery case, based on multiple grounds, including a challenge to the validity of his plea, not cognizable on appeal from a postjudgment proceeding. Those notices gave rise to the instant appeal.[6] Defendant's notice of appeal also included attachments, in the nature of letters to the clerk, indicating he had objected to expert testimony in his mental health proceedings relating to an alleged mental health diversion evaluation in the course of his robbery prosecution.[7] Another attachment was a letter to the clerk dated June 5, 2023, relating to a petition for relief under Assembly Bill No. 1076 (2019-2020 Reg. Sess.), requesting that his prior strike (the attempted murder case) be "withheld from disclosure on" the current robbery case. Another letter, also dated June 5, 2023, argued the trial court erred by failing to act on his claim of violations of

---

[5] That petition was considered as a companion to defendant's appeal (*People v. Brown*, *supra*, E081484), and was ruled upon in case No. E081705, *In re Brown on Habeas Corpus*.

[6] The notice of appeal from March 21, 2023, was included in another appeal (Case No. E081190, *People v. Brown*), but appellate counsel for this appeal and that one agreed that the claims from the March 21, 2023, notice of appeal would be briefed in the current appeal.

[7] There is no record of a mental health evaluation in any of defendant's cases that we have identified, save defendant's own statements in his various petitions seeking resentencing relief.

Assembly Bill No. 256 and Senate Bill No. 731 in his case, and that his counsel was ineffective for not requesting that his prior strike be stricken. He also re-alleged that he suffers excessive punishment on his robbery case because his attempted murder conviction was invalid by virtue of statutory changes to sections 188 and 189 and requested a certificate of probable cause.

On June 16, 2023, the court granted a certificate of probable cause as to the attempted murder case (San Bernardino Superior Court case No. FSB701222, the attempted murder conviction that was still pending a hearing pursuant to section 1172.6) but denied the certificate of probable cause as to the robbery conviction (the instant case).

On June 20, 2023, defendant filed a petition for resentencing under section 1170, subdivision (b) (as amended, effective January 1, 2022), and Senate Bill No. 467.[8] The petition alleged that due to changes in the law a hearing was required to apply those changes to defendant's sentence because there was evidence of psychological trauma. He further argued there was an issue under the *Cunningham* case (possibly referring to *People v. Cunningham* (2001) 25 Cal.4th 926, 985). On June 27, 2023, the court denied this petition, stating defendant was not eligible for resentencing.

On June 29, 2023, defendant sent another letter to the clerk petitioning for relief under section 1473.7 and 745, subdivision (a), alleging the trial court erred in using

---

[8] Senate Bill No. 467 amended section 1473, subdivision (b)(4), to allow a defendant to prosecute a habeas petition if false evidence was introduced at a hearing or trial; new evidence exists; or "[a] significant dispute has emerged or further developed in the petitioner's favor regarding expert medical, scientific, or forensic testimony . . . ." (Stats. 2022, ch. 982, §§ 1, 1.5, eff. Jan. 1, 2023.)

6

hearsay to deny his resentencing petition because the victim's testimony violated *Crawford* (referring to *Crawford v. Washington* (2004) 541 U.S. 36).  He also moved for discovery under the Racial Justice Act of 2020, alleging that the expert who evaluated him for diversion made false and biased statements that defendant suffered from mental illness but not on the date of his arrest.

Defendant wrote another letter/petition addressed to the clerk seeking relief under section 1473.6 and Senate Bill No. 467, reiterating claims that a medical expert made false statements causing him to be sent to prison instead of receiving diversion.  He further claimed his prior conviction should not have been used a strike because it was more than 10 years old, and that section 1473.6 applied because he had made a prima facie showing.

On July 6, 2023, the court issued a minute order indicating, "Court has read and considered Request for Further Action to include Notice of Appeal/Request for Certificate of Probable Cause filed by Defendant (in Rancho Court) on 06/14/23.  Matter sent for Court's review on 06/26/23.  [¶]  Per Court:  [¶]  No action required-Case is already on appeal.  [¶]  Court of Appeal # E081190."  On July 27, 2023, the court issued another minute order relating to a petition for relief filed by defendant on July 5, 2023, denying relief because the section 1473 petition had previously been denied by Judge Tavill on June 27, 2023, and that section 1473.7 was inapplicable to defendant as he is currently in custody.

On August 10, 2023, defendant again appealed from the June 2, 2023, order, but this time indicated that his appeal was based on the trial court's failure to strike his prior

strike under sections 1385 and 1170, subdivision (b) (as amended effective Jan. 1, 2022), insofar as his sentence was unauthorized under the amended provisions of section 1170, subdivision (b).

**DISCUSSION**

Defendant's counsel filed a brief with this court pursuant to *Wende* and *Delgadillo* and requested an independent review of the record; it included counsel's declaration that defendant had been advised he could file his own brief with this court. The next day, this court sent an order to appellant that advised him about the holding in *Delgadillo*, that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions, and further stated: "The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

Appellant filed two supplemental letter briefs (by our leave) with this court. Although the filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), we have discretion to do so.

After independently reviewing the record, we are satisfied that all of defendant's claims have either been previously raised in prior appeals or they lack any merit.

8

In his first supplemental brief, he argues error in allowing testimonial hearsay at his preliminary hearing (*Crawford v. Washington, supra,* 541 U.S. 36), and that the trial court erred in taking the preliminary hearing testimony as true at the evidentiary hearing conducted pursuant to section 1172.6. Although unstated, this claim relates to the preliminary hearing that formed the factual basis for the attempted murder conviction, which was later alleged as a strike in the current robbery case.

The ruling of the trial court denying relief on defendant's section 1172.6 petition seeking resentencing on his attempted murder convictions has been raised in two earlier appeals (*People v. Brown*, *supra*, E081484, and *People v. Brown*, case No. E081190). We need not address the claims again in this case.

He also claimed the prosecutor committed misconduct in the course of the plea bargaining process in the current robbery case by telling him that he faced life in prison on the changes. He claims that this constituted duress, which, in combination with his mental illness, forced him to plead guilty. The matters leading up to the entering of his change of plea should have been raised immediately after his conviction as his claims constitute attacks on the validity of his plea. That conviction and sentence became final in 2019 and may not be challenged on appeal at this late date.

Moreover, there is nothing in the record of any of the proceedings regarding defendant's mental health or inducements to plead guilty. Our review on direct appeal is limited to the appellate record. (*People v. Jenkins* (2000) 22 Cal.4th 900, 952, citing

9

*People v. Barnett* (1998) 17 Cal.4th 1044, 1183.) Matters relating to off-the-record inducements to enter a plea may not be considered on direct appeal.

In defendant's second supplemental brief, he revived a claim that his current sentence on the robbery case is unauthorized due to changes in the law effected by Assembly Bill No. 124 and Senate Bill No. 567. The claims relating to Senate Bill No. 567 were raised and addressed in two of his earlier appeals. (*People v. Brown*, *supra*, E081484, and *People v. Brown*, case No. E081190.) His claims under Assembly Bill No. 256 were raised and addressed in his prior appeal in case No. E081190. We do not need to address them here.

Defendant's second supplemental brief also argues that his counsel was ineffective for failing to put on the record that defendant was an outpatient from Arrowhead Behavior Health. There is nothing in the record of defendant's criminal proceedings regarding any mental health issues. Without an adequate record of proceedings in the superior court, there is no showing defendant's trial counsel provided ineffective assistance. (See *People v. Farnam* (2002) 28 Cal.4th 107, 201 ["Because we are limited to the record on appeal, if the record sheds no light on why counsel acted or failed to act in the manner challenged, then unless counsel were asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, we must reject the contention that counsel provided ineffective assistance. (*People v. Mitcham* (1992) 1 Cal.4th 1027, 1058.)"].)

10

Defendant also raises two arguments relating to the fact that the trial court failed to take mitigating factors into account in sentencing him and misunderstood its discretion pursuant to section 1385 to strike the strike allegation. In this respect, defendant argues his plea bargain must be set aside because it is no longer authorized due to the amendments to section 1170, subdivision (b). We disagree.

First, defendant is under the impression that the amendments to section 1170, subdivision (b), apply retroactively to judgments that are final but cites no relevant authority. We disagree. Senate Bill No. 567's ameliorative amendments to section 1170, subdivision (b), apply retroactively only to cases not yet final as of January 1, 2022. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 465, citing *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 & *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308.) Defendant's conviction was final in 2019.

Even if the amendments to section 1170, subdivision (b), applied retroactively to final judgments, it would not affect defendant's sentence because he entered into a plea bargain for an agreed sentence (also referred to as a sentence bargain). When a court accepts a plea bargain, it is bound to impose a sentence within the limits of that bargain and may not modify the terms of a plea agreement without giving the defendant the opportunity to withdraw his plea of guilty. (§ 1192.5, subds. (a), (b); *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1058; see *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047.) Under these circumstances, the trial court was not required to

11

exercise its sentencing discretion in setting the base term or to strike any allegations affecting sentence, such as the strikes law, because of the plea agreement.

As a related matter, it should be pointed out that even if defendant were able to set aside his plea bargain, it would not ensure a more favorable sentence. When a guilty plea is invalidated, the parties are generally restored to the positions they occupied before the plea bargain was entered. (*People v. Aragon* (1992) 11 Cal.App.4th 749, 756-757, citing *People v. Romanoski* (1984) 157 Cal.App.3d 353, 363; *People v. Hill* ( 1974) 12 Cal.3d 731, 769, overruled on another point in *People v. DeVaughn* (1977) 18 Cal.3d 889, 896, fn. 5.)

In other words, vacating his guilty plea would result in reinstatement of the first amended information, under which defendant would face a life term (the amended information alleged two strike priors along with two "nickel prior" enhancement allegations that could add 10 years to his term). This does not appear to be defendant's goal.

Defendant has failed to demonstrate he is entitled to relief under any of the theories posited in this appeal.

We have independently reviewed the record for error consistent with *Wende* and *Anders*. We have not discovered any potentially meritorious issues that would require reversal on appeal. Competent counsel has represented Brown on this appeal.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

MILLER

J.